UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20105-RAR

UNITED STATES OF AMERICA

vs.

MARTA PICHARDO,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** comes before the Court on Defendant Marta Pichardo's *Pro Se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Retroactive Effect of Amendment Zero Point Offenders ("Motion"), [ECF No. 206]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 207], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

## BACKGROUND

On September 23, 2019, Pichardo pleaded guilty to Count 1 of a 15-count indictment charging her with various healthcare related offenses. [ECF No. 111] ("Plea Agreement"). The count of conviction was conspiracy to commit a dual object offense, namely, wire fraud and healthcare fraud. *Id*. The criminal conduct involved Pichardo's ownership and control—along with others—of multiple Medicare providers who collectively submitted fraudulent claims to Medicare and received over $25 million in fraud proceeds. [ECF No. 112] ("Factual Proffer"). Over $10 million in proceeds were directly attributable to Pichardo. *Id.* at 3.

In the Plea Agreement, the parties agreed to recommend the following guideline calculation to the Court: (1) a base offense level of 7; (2) loss amount exceeding $9.5 million but not exceeding $25 million for an increase of 20 levels; (3) a 3-level increase due to the amount of loss to a

government health care program; and (4) a 2-level increase for sophisticated means. Plea Agreement ¶ 8. The parties expressly "agreed to disagree" on whether a role enhancement applied. *Id.* In the Presentence Investigation Report, the United States Probation Office generally adopted the parties' recommendations but advocated for a 22-level increase for loss exceeding $25 million, as well as a 4-level increase for Defendant's role as a leader/organizer of the offense conduct. [ECF No. 163].

At Pichardo's sentencing on December 20, 2019, the Court followed the parties' recommendations but added a 3-level enhancement for a manager/supervisor role rather than the 4-level enhancement for a leader/organizer role. [ECF No. 171]. As a result, Pichardo received a total offense level of 32. With a criminal history category of I (and zero criminal history points), the resulting guideline range was 121 to 151 months' imprisonment. In imposing sentence, the Court varied downward to 96 months' imprisonment based on a variety of factors under 18 U.S.C. § 3553(a). *See* [ECF No. 174].

In her Motion, Pichardo requests that the Court apply "a (2) level reduction which is 70 months, pursuant to 18 U.S.C. 3582(c)(2), in light of amendment Zero-Point Offenders . . . as she meets the qualifying criteria." Mot. at 2 (errors in original).

## **LEGAL STANDARD**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).  Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission. *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.  *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023).  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  *Id.*

The applicable Sentencing Commission policy statement here provides that a court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).  Further, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024."  U.S.S.G. § 1B1.10 cmt. n.7.  In other words, if a defendant is scheduled for release before February 1, 2024, he or she is not entitled to relief under Amendment 821.

If a defendant is eligible for relief under § 3582(c)(2), the Court must then determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posted by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B).  The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for

the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## ANALYSIS

Pichardo seeks relief pursuant to Amendment 821—the recently added adjustment for certain zero-point offenders. A defendant is eligible for a two-level reduction in her offense level under Amendment 821 if she meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

  (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

  (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1.

  The Court need not determine whether Pichardo meets these criteria here because a reduction of her sentence would be inconsistent with Amendment 821's applicable policy statements.[1] Specifically, courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Here, Pichardo's original offense level was a 32 with a criminal history category of I for a sentencing guideline range of 121 to 151 months. Even if Pichardo were correct that Amendment 821 reduced her guideline range, it would result in an offense level of 30 and a criminal history category of I—an amended guideline range of 97 to 121 months. But the Court originally sentenced Pichardo to 96 months in this case— a sentence *already below* the bottom of the amended guideline range. Accordingly, pursuant to the applicable policy statement, the Court cannot further reduce Pichardo's term of imprisonment under Amendment 821. *See United States v. Llanos Cortes*, No. 19-20220, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (denying application of Amendment 821 "[b]ecause the Court's judgment imposed a sentence of 100 months, which is below the new guideline range" and therefore the Court was "precluded by

---

[1] As an aside, although independent grounds exist to deny Pichardo relief under § 3582(c)(2) as explained herein, the Court notes that Pichardo appears to be disqualified from receiving the benefit of Amendment 821 for zero-point offenders because of her aggravating role under U.S.S.G. § 4C1.1(10). *See Barbieri*, 2023 WL 8472741, at *2 ("Barbieri received sentencing enhancements as a leader and organizer of his trafficking organization, making him also ineligible for the two-level decrease under requirement number ten."); *see also United States v. Williams*, 04-CR-20065, 2023 WL 8082074, at *2 (S.D. Fla. Nov. 21, 2023) ("Here, Defendant does not qualify for the adjustment for certain zero-point offenders as he claims, because he . . . received an aggravating role adjustment under § 3B1.1.").

the applicable policy statement from reducing [defendant's] sentence pursuant to § 3582(c)(2).") (citing U.S.S.G. § 1B1.10(b)(2)(A)); *see also Dillon*, 560 U.S. at 827 ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").[2]

In sum, because a reduction in Pichardo's sentence would be inconsistent with the applicable policy statements regarding Amendment 821, the Court need not consider the § 3553(a) factors.[3]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Marta Pichardo's *Pro Se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Retroactive Effect of Amendment Zero Point Offenders, [ECF No. 206], is **DENIED**.

---

[2] Although there is a narrow exception to this general rule, it does not apply here. "If the term of the imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" exception, however, applies to defendants who cooperated with the government and received a sentence reduction under either U.S.S.G. 5K1.1 or Rule 35(b). *See United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013) (explaining that when "the Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities."); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335–36 (11th Cir. 2017) (same). Here, Pichardo did not provide any substantial assistance to the government and there is no "government motion to reflect the defendant's substantial assistance to authorities[.]" U.S.S.G. § 1B1.10(b)(2)(B). Thus, Pichardo is ineligible for a sentence reduction below the 96 months she already received from the Court—the bottom of the amended guideline range.

[3] Even if Pichardo were eligible for relief under Amendment 821, the Court notes that any further reduction would run afoul of the factors set forth under § 3553(a). The nature and circumstances of the offense—a very serious and significant health care fraud scheme that defrauded millions of dollars from Medicare, a program designed to provide health care for the elderly—demonstrates a high level of criminal intent, planning, and determination. Thus, a sentence of 96 months in this case appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and—perhaps most importantly—affords adequate deterrence to criminal conduct. *See* Response at 7–8 (noting that any further reduction "would not comport with the need for a just sentence in this case, and it would severely diminish the criminal deterrent effect for sentencing for this type of health care fraud offense.").

**DONE AND ORDERED** in Miami, Florida, this 26th day of December, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**